NEW ORLEANS CAN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11994.   Promulgated August 29, 1927.

> The amount of an interest-bearing promissory note, *bona fide* paid in for capital stock, should be included as a part of petitioner's invested capital, under the circumstances herein.

*E. M. Cahn, Esq., E. M. Cahn, Jr., Esq.*, and *Charles E. Wermuth, C. P. A.*, for the petitioner.
*W. F. Wattles, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income and profits taxes for the year 1921 in the amount of $381.61.

### FINDINGS OF FACT.

The petitioner is a Louisiana corporation with its principal office and place of business at New Orleans.

In November, 1918, the petitioner increased its capital stock and gave its stockholders the privilege of subscribing to the new issue in proportion to their holdings. A. J. Munch was president of the petitioner and the owner of about 75 per cent of its capital stock and was entitled to and did subscribe to 149 shares of the new issue. Instead of paying for the new shares in cash he gave his note for $14,900, payable on demand and bearing interest at 5 per cent per annum. At the end of the year 1918 the petitioner owed Munch $7.277.02 on account of commissions earned by him and that amount was credited on the note of $14,900. The interest to December 31, 1918, was also paid by Munch and the old note was canceled and a new note for $7,622.98, dated January 1, 1919, payable on demand and bearing interest at 5 per cent per annum, was executed by Munch and delivered to the petitioner. The new note has, since it was made,

been held by the petitioner and kept in its vaults, and the interest has been paid thereon. The petitioner was satisfied to receive interest upon the note and it did not at any time make demand upon Munch for payment thereof.

Munch had credits to his personal drawing account on the books of the petitioner between January 1, 1918, and December 31, 1921, which could have been but were not applied to his note. On January 1, 1919, there was a balance of $1,091.46 in the account which was withdrawn by Munch on January 11, 1919. At the end of the year there was a balance of $5,048.37. At the end of 1920 there was a debit balance of $978.05 in the account, and at the end of 1921 there was a credit balance of $2,794.37, which was withdrawn by Munch on January 1, 1922. Munch was at all times between November, 1918, and March, 1926, solvent and able to pay the note mentioned. He died in March, 1926, leaving a net estate of about $200,000, and the note mentioned has been or will be paid by his executor.

The respondent, upon audit of the petitioner's income and profits-tax return for the year 1921, excluded from invested capital the amount of the note given by Munch on January 1, 1919, and also reduced invested capital by the amount of income and profits taxes for 1920 prorated from the date of payment.

OPINION.

MARQUETTE: The first question presented for determination herein is whether the petitioner is entitled to include in invested capital for the year 1921 the amount of $7,622.98, representing a promissory note given by A. J. Munch on January 1, 1919, in renewal of a part of the amount of a note given in payment for shares of the petitioner's capital stock. The respondent urges that no amount should be included in invested capital on account of the note in question, (1) because it was not *bona fide* paid in for stock, and (2) because the stock was issued for the note in contravention of the constitution and laws of Louisiana.

We have carefully considered the evidence presented and we find no reason for holding that the issuance of the petitioner's capital stock to Munch and the giving of a note in payment thereof was not a *bona fide* transaction. The evidence discloses that Munch was entitled to and did subscribe to $14,900 par value of the petitioner's capital stock, for which he gave his note for $14,900. Within a short time more than $7,000 was paid on that note and a new note given for the balance, payable on demand and bearing interest at 5 per cent per annum. The corporation apparently did not need the money and was content to carry the note as an investment and it did not at any time make demand on Munch for payment. At all times after he

gave the note Munch was solvent and worth many times the amount thereof, and there is nothing in the evidence to show that he did not intend to pay the note and would not have paid it had he been requested so to do. The note either has been or will be paid in full by Munch's executor.

We are of opinion that the note in question was given as a renewal of part of the amount of a prior note which was executed as a bona fide payment for shares of the petitioner's capital stock.

Both the constitution and the laws of Louisiana at the time the stock mentioned herein was issued, provided that:

Corporations shall not issue stock or bonds except for labor done, or money or property actually received, and all fictitious issues of stock shall be void; and any corporation issuing such fictitious stock shall forfeit its charter.

Similar provisions are found in the constitution and laws of many other States. The laws of Louisiana at the time the stock mentioned herein was issued also provided:

SEC. 9.  *  *  *  That subscriptions to the capital stock of a corporation shall be paid at such times and in such installments as the board of directors may direct, unless otherwise provided by this Act. If default be made in the payment of any installment, the board of directors may sue and recover the unpaid balance of the subscription, together with a reasonable attorney's fee.

SEC. 17.  *  *  *  That if stock be issued for property in violation of the provisions of this Act, or if any dividend or other distribution of the assets be made other than from net profits, or if a reduction of the capital be made under the guise of a loan to stockholders, or if any report or statement or public notice shall not be made as required by law, or if made, shall be false in any material representation, the directors of such corporation voting or assenting thereto shall be jointly and severally liable to the creditors of the corporation for any loss or damage arising therefrom, and in the case of reports, statements, and public notices required by law, the officers shall be jointly and severally liable with the directors, as provided above; provided, however, that if the knowledge required for the making of any statement or report prescribed by this section, be not practically obtainable, the officer or director making it shall not be liable as herein set out.

We are unable to find any decisions of the courts of Louisiana bearing on this question, but we have carefully examined the authorities from other jurisdictions, including the cases cited by the respondent, and we find no case holding that sales of stock, made under the circumstances surrounding the sale involved herein, are void. On the contrary we find numerous cases holding that the sales are not void and that the notes are at least valid to the extent that they may be enforced and collected by receivers of insolvent corporations for the benefit of creditors and in the hands of purchasers for value without notice. In the *Appeal of Hewitt Rubber Co.*, 1 B. T. A. 424, we were called upon to consider a situation similar to the one under consideration here, except that it arose

under the corporation laws of the State of New York. In holding that the note involved in that appeal should be included in the taxpayer's invested capital, we said:

In order to exclude from invested capital a note given in good faith for stock issued, it is not enough to point to a defense which might be interposed as between the parties in the event of a suit on the note. It must be shown that the sale was *void* and not enforceable, or that the purchase of the stock and the giving of a note was in bad faith and for the purpose of evading the provision of the revenue law, neither of which is true in this case.

See also *Appeal of American Steel Co.*, 1 B. T. A. 839; *Knutson Hardware Co.* v. *Commissioner*, 5 B. T. A. 9.

We are of opinion that the note in question was not rendered void by either the constitution or the laws of Louisiana, and since it was *bona fide* paid in to the petitioner in payment for stock and was worth its face value, it should, for the reasons set forth in the decisions above cited, be included in the petitioner's invested capital for the year 1921 at that amount.

The only other question is whether the respondent erred in reducing the petitioner's invested capital for 1921 by the amount of income and profits taxes for 1920 prorated from the date of payment. That issue must be decided in favor of the respondent. Section 1207 of the Revenue Act of 1926; *Appeal of Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by PHILLIPS, MILLIKEN, and VAN FOSSAN.