GARRISON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15006. Promulgated September 25, 1929.

*J. B. Grice, C. P. A.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

462

OPINION.

LITTLETON: The first question is whether $44,900, representing the face amount of the promissory notes paid in to petitioner for stock, or any portion of that sum, may be included in petitioner's invested capital for 1920 as cash or tangible property *bona fide* paid in for stock under section 326 of the Revenue Act of 1918.

The revenue statute denominates notes as tangible property and it has been held that when promissory notes are *bona fide* paid in for stock and are enforcible, the cash value thereof should be included in invested capital. *Bowers* v. *Max Kaufman & Co.*, 18 Fed. (2d) 69; *Hewitt Rubber Co.*, 1 B. T. A. 424; *American Steel Co.*, 1 B. T. A. 839; *Stamey-Mackey Construction Co.*, 4 B. T. A. 383; *New Orleans Can Co.*, 7 B. T. A. 1175; *Sheridan Meat Co.*, 10 B. T. A. 211; and *Briggs-Weaver Machinery Co.*, 14 B. T. A. 1351.

The good faith of the giving of the notes involved in this proceeding to petitioner for stock has been established and it is also shown that the makers of the notes were solvent and able to pay the amount of the notes on demand. The notes appear to have, at all times, been held by the petitioner. Section 8, Article XI, of the Constitution of Arkansas provides, "No private corporation shall issue stocks or bonds, except for money or property actually received, or labor done, and all fictitious increase of stock or indebtedness shall be void * * *."

In *Bank of Commerce* v. *Goolsby*, 129 Ark. 416; 196 S. W. 803, the Supreme Court of Arkansas held that notes taken in exchange for stock is a palpable violation of the constitutional provision, because in such a transaction the stock has not been paid for; that the design of the framers of the Constitution was that stock should not be issued and sold except for its value in money or property actually received, or labor done, and that a note is not property in the sense of the Constitution.

In *Bank of Manila* v. *Wallace*, 5 S. W. (2d) 937, the same court held that a note given for stock issued was void.

In *Park* v. *Bank of Lockesburg* (*Ark.*), 11 S. W. (2d) 483, the court held that stock issued for a note is illegal and that the amount given therefor is neither money nor property within the meaning of the Constitution of Arkansas. The court held however that such

a note could be enforced against the maker in the hands of an innocent purchaser.

In view of the decision of the Supreme Court of Arkansas that a note given to a corporation for its stock is void and can not be enforced between the maker and the corporation and that such a note is not money or property within the meaning of the Constitution, we are of opinion that no portion of the amount of the notes here involved may be included in petitioner's invested capital for 1920.

Although section 325 of the Revenue Act of 1918 denominates notes as tangible property for invested capital purposes, under section 326 this can be considered to mean no more than that notes which are legal and enforcible in the hands of a particular taxpayer are tangible property to be included at their cash value in computing invested capital. The Commissioner correctly excluded the notes paid in to this petitioner for stock from invested capital.

The second issue relates to depreciation. In the circumstances hereinbefore set forth petitioner purchased a manufacturing plant for $90,000, which it took into its books as depreciable assets in such amount. The Commissioner excluded $20,000 of this purchase price from the cost of depreciable assets which he asserts represents the cost of good will acquired from McLoud-Sparks Furniture Co. Witnesses for the petitioner testified that no good will was purchased in that transaction. The buyer and seller were each in the furniture manufacturing business, one producing bedroom furniture only and the other dining room furniture. They were not competing concerns. The petitioner had no occasion to purchase nor to use the good will of a noncompetitor and desired only to secure a physical plant for its own operations. We are convinced that no part of the $90,000 paid to McLoud-Sparks Furniture Co. was consideration for the good will of that concern. The record discloses, however, that included in the assets purchased was land of the value of $4,380, and the cost of depreciable assets, therefore, should be reduced by this amount. Petitioner is entitled to take annual ratable deductions from its gross income on account of the depreciation on a cost of $85,620, representing tangible assets purchased from the McLoud-Sparks Furniture Co. at the same rates which the Commissioner has used in computing depreciation on the same assets which he held had a cost of only $70,000.

Review by the Board.

*Judgment will be entered under Rule 50.*